UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CLYDE DAVISON, JR., *pro se*,

                Plaintiff,

     -against-

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
------------------------------------------------------------------------x

**SUMMARY ORDER**

99-cv-3101 (DLI)(VVP)
99-cv-4077 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Clyde Davison ("Plaintiff") filed the instant motion seeking to reopen these employment discrimination cases that had been consolidated, *see* Dkt. Entry 39.[1] For the reasons set forth below, Plaintiff's motion is denied.

## DISCUSSION

The instant actions are among a series of claims Plaintiff has filed against his former employer, defendant New York City Transit Authority ("Defendant"). *See Davison v. N.Y.C. Transit Auth.*, 172 F. 3d 37 (2d Cir. 1998) (summarily affirming grant of summary judgment of employment discrimination claims); *Davison v. N.Y.C. Transit Auth.*, 2008 WL 3334078, at *1 (E.D.N.Y. Aug. 8, 2008) (dismissing employment discrimination claim as untimely); *Davison v. N.Y.C. Transit Auth.*, 87 A.D.3d 608, 608 (2d Dep't 2011) (granting new trial on damages issue in personal injury action). Plaintiff brought these actions *pro se* on June 1, 1999, alleging that Defendant engaged in employment discrimination and retaliation for filing a complaint with the Equal Employment Opportunity Commission. (*See* Compl., Dkt. Entry 2.) Defendant filed a

---

[1] All docket cites are to 99-cv-3101 (DLI)(VVP), which is the lead case and was consolidated with 99-cv-4077 (DLI).

1

motion for summary judgment on the consolidated cases, which was granted on December 26, 2000. (*See* Mem. & Order Granting Def.'s Mot. for S.J., Dkt. Entry 33.) Judgment was entered in Defendant's favor on December 29, 2000. (*See* Judgment, Dkt. Entry 34.)

Plaintiff moves to reopen these matters more than one decade after judgment was entered because "[f]ifteen years after four employees attempted to murder me on the job, I have located two." (Pl.'s Mot., Dkt. Entry 39.) Plaintiff seeks to have this case "reopened so that I may present it to the District Attorney's Office." (*Id.*)

The court construes Plaintiff's motion liberally, as is required of *pro se* submissions.[2] By requesting to reopen this matter, Plaintiff seeks to vacate the judgment entered in Defendant's favor in 2000. Under Rule 60(b), "a court may relieve a party or its legal representative from a final judgment" if, among other things, the party submits "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). When a motion to vacate is brought because of newly discovered evidence, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff brings this motion, purportedly so he can present new evidence, more than eleven years after judgment was entered in this case. Therefore, it is untimely. Moreover, even if it was timely, Plaintiff has not presented any grounds for vacating the judgment, even when interpreting the motion to contain the strongest arguments it suggests. Plaintiff contends that he

---

[2] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

wants the cases reopened because has located two employees of Defendant who purportedly tried to murder Plaintiff, and he wants to present this information to the district attorney's office. (*See* Pl's. Mot., Dkt. Entry 39.) These allegations should be addressed by the proper criminal authorities and it is unclear how reopening these cases will assist Plaintiff in obtaining the relief he seeks as Plaintiff is free to contact the authorities without this court's assistance.

In his reply, Plaintiff adds additional allegations that, in October 2003, he was mugged, fell onto subway tracks and was hit by an oncoming train. (*See* Pl's. Reply, Dkt. Entry 42.) Plaintiff also contends, *inter alia*, that he would like to sue his former attorney for "his many years of misrepresentation" in previous workers compensation actions. (*Id*.) These assertions provide no basis for disturbing the previous judgment as, among other things, they are unrelated to this matter. Indeed, Plaintiff's alleged personal injuries appear to be the subject of a separate state court action. *See Davison*, 87 A.D.3d at 608 ("The plaintiff was struck by a train and sustained personal injuries, including a fractured clavicle and a fractured scapula.").

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 23, 2012

                                                     /s/
                                     DORA L. IRIZARRY
                                United States District Judge